# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2010

No. 10-20142
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH CHHIM,

Plaintiff - Appellant

v.

SPRING BRANCH INDEPENDENT SCHOOL DISTRICT

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3032

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joseph Chhim appeals the district court's dismissal of his case for failure to state a claim. We find no error and AFFIRM.

Chhim filed suit under Title VII of the Civil Rights Act of 1964, alleging that the Spring Branch Independent School District discriminated against him on the basis of race, national origin, and age. Chimm is an Asian male originally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from Cambodia.  He was 63-years old when the acts of alleged discrimination started.

The crux of Chhim's complaint was that Spring Branch engaged in unlawful employment discrimination when it refused to hire him for a custodial supervisor position.  Spring Branch's position description stated that language skills in "Spanish and English" were "highly desirable."  Chhim does not speak Spanish and was not hired.  The position was filled by a Hispanic female fluent in both Spanish and English.

Chhim's complaint stated that Spring Branch engaged in racial and national original discrimination, arguing: "Because of the plaintiff's race and his national origin the defendant has failed to employ the plaintiff or to hire the plaintiff because he has no ability to speak, write, read, and to translate fluently in Spanish languages which are the custodial supervisor's qualifications . . . ."

The district court granted Spring Branch's motion to dismiss for failure to state a claim.  *See* Fed. R. Civ. Pro. 12(b)(6).  The district court held that Chhim "failed to state a claim for national origin or race discrimination.  Non-bilingual individuals are not a protected class under Title VII.  Moreover, a preference, or even requirement, that employees have bilingual ability does not give rise to a discrimination claim based on national origin or race."

We review *de novo* a dismissal under Rule 12(b)(6).  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotations and citation omitted).

An employer may not discriminate based on the "race, color, religion, sex, or national origin"of its applicants for employment.  42 U.S.C. § 2000e-2(a)(1).

No. 10-20142

A person's language is not a listed category. We once noted that language requirements could be used as "a covert basis for national origin discrimination," but also required evidence that discrimination was the purpose or result. *Garcia v. Gloor*, 618 F.2d 264, 268, 270 (5th Cir. 1980).

Spring Branch's preference for bilingual employees did not discriminate on the basis of race or national origin.

Chhim argues that he should have been allowed discovery to determine whether speaking Spanish was only a preference as Spring Branch argues or was actually a requirement. The district court held, though, that neither a preference nor a requirement of bilingual ability would constitute discrimination based on race or national origin. We agree. The requested discovery would not have provided any evidence relevant to the resolution of the case.

For the first time on appeal, Chhim makes a disparate treatment argument. It is too late to raise it now. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Finally, Chhim presents an age discrimination claim on appeal. Chhim's district court pleadings contain no age discrimination claims. His complaint, first amended complaint, second amended complaint, Response to Defendant's Motion to Dismiss, and Motion for Reconsideration discuss only race and national origin. It is too late for that claim, too. *Id.*

The judgment of the district court is AFFIRMED.